## STATE v. ARTEMIUS BENNETT.

When, in a criminal case, the question was asked a juror, examined on his *voire dire*, " Have you or not formed or expressed the opinion, from what you have heard of the case, that the defendant is guilty" ?—*Held:* That the question was not in legal form, and that the District Judge in refusing to allow it to be answered, did not abuse the discretionary power to overrule interrogatories not in legal form.

The physical and mental condition of the person, whose dying declarations are offered in evidence, is a question of fact over which the Supreme Court has no jurisdiction.

The 3d section of the Act of 1855, relative to the drawing of juries, fully recognizes the right of the court to order talesmen to be summoned after the regular panel has been exhausted; and the prisoner has no right to require that the list of talesmen summoned, should be served upon him two days before the trial.

On the examination of a juror on his *voire dire*, the question was asked him, " *In case the defendant is found guilty of murder, have you made up your mind, as to what degree of punishment ought to be inflicted upon him*" ?—*Held:* That the question was not properly put, and that the District Judge did not err in refusing to allow it to be answered.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J. *Stubbs & Williamson*, for State. *Rowland Jones*, for defendant and appellant.

COLE, J. The accused having been found guilty of murder and sentenced to be hung, has appealed, and relies upon five bills of exception :

1. The court did not err in refusing to allow the following question to be propounded to certain persons, called to serve as jurors, when they were being examined on their *voire dire* : " Have you or not formed or expressed the opinion, from what you have heard of the case, that the defendant is guilty" ?

The question was not in legal form. It may be, a person may have formed an opinion of the guilt of an accused from rumor, yet that this opinion has not been so deliberately created, but that it may be changed by the testimony upon the trial.

The District Judge has a certain discretionary power to overrule questions not in legal form, and we cannot say that he abused it in rejecting the interrogatory.

SUPREME COURT OF LOUISIANA.

*The State* v. *George*, 8 Rob. 538 ; *State* v. *Brown*, 4 An. 506 ; *Burr's trial*, p. 416 ; volume 1st Wharton's American Criminal Law, p. 605 et seq.

2. The counsel of the accused also propounded to the same persons, the interrogatory : " Whether, if they went into the jury-box in their present state of mind, they went there with the belief that the defendant was guilty of murder, as charged in the bill of indictment."

The District Judge properly sustained the objection to the question. It was not in the usual form ; and besides, the District Judge appends to the bill of exceptions, the following remarks : " The jurors had answered, they had neither formed or expressed any opinion as to the guilt or innocence, and had qualified themselves, as to opinion, fully."

As these persons had been already examined upon the state of their minds upon the guilt or innocence of the accused, and had shown themselves to be good jurors, a repetition of questions upon the same point, would have been useless, and the District Judge had the discretionary power to reject the question.

3. The declarations of *Jordan*, the deceased, before his death from the injuries received from the accused, were objected to on the ground, that they were not made in extremity, when the former was at the point of death, and when every hope of this world was gone.

The physical and mental condition of *Jordan*, at the time of the declarations, is a question of fact, over which this court has no jurisdiction. *State* v. *Haase*, 14 An. 79.

4. The counsel of the accused objected to the talesman, *J. M. Williams*, as incompetent :

First. Because, under the law prescribing the mode of drawing and summoning jurors, there is no provision made for the selection and drawing of talesmen.

Second. Because the law provides in his favor, that he shall have a list of the jury, which are to pass upon his trial, delivered to him at least two entire days before the trial, which privilege he claims and insists upon availing himself of.

Third. Because the name of the juror was not drawn from the box containing a list of the qualified jurors, but was without notice to the prisoner and without his consent, unlawfully selected and summoned at the mere arbitrary discretion of the Deputy Sheriff.

Fourth. Because, by forcing upon him talesmen as his triers, he may be deprived of the advantage of a change of *venue*, which may be ordered by the court, where it shall be made apparent that no competent juror of the parish can be had " after exhausting two successive panels."

The Act of the Legislature of 1855, section 3d, relative to the drawing of juries, provides, that " nothing herein contained shall be so construed as to prevent any person from being summoned on a special venire, or *as a talesman*." Session Acts, 1855, p. 299.

This proviso recognizes the right of the court to order talesmen to be summoned after the regular panel has been exhausted.

The object of the law in permitting the call of talesmen, is to effect a speedy trial, and if the objections of the accused were valid, this object would be defeated, and the summoning of talesmen would be virtually abrogated.

We are of opinion that the court did not err in overruling these objections. *State* v. *Reeves*, 11 An. 686 ; *State* v. *Bunger*, ante p. 461.

5. The counsel of the accused proposed to certain persons being examined on

their *voire dire*, the following question : " In case the defendant is found guilty of murder, have you made up your mind as to what degree of punishment ought to be inflicted on him" ?

Even if the decision in the case of *The State* v. *George,* be applicable to freemen, and a person be incompetent as a juror, if he has formed an opinion as to the nature of the verdict, so far as the punishment is concerned, still the question was not properly put.

The question, if admissible, ought to have been, whether he had formed such a deliberate opinion as to the nature of the punishment to be inflicted, in the event the prisoner were found guilty of murder, that it could not be affected or changed by the evidence. *State* v. *George,* 8 Rob. 538.

The court did not, therefore, err in refusing to allow the question to be answered.

The court erred in fixing the day of execution.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be so amended, as to reverse that portion of it which fixes the day of the execution of the sentence ; and further, that it be so amended, that the sentence shall be executed upon the day that shall be fixed by the Governor of the State of Louisiana, and that the judgment so amended, be affirmed.

LAND, J., having been retained as counsel in this case, recused himself.